UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL C. HONACHI,

       Plaintiff,

                                   Case No. 3:13-cv-217-ST

  v.

AIR PRODUCTS AND CHEMICALS, INC.,

FINDINGS AND RECOMMENDATION

       Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

       This case arises out of the termination of employment of plaintiff, Michael C. Honachi ("Honachi"), by his former employer, Air Products and Chemicals, Inc. ("Air Products"). Honachi filed a Complaint in Washington County Circuit Court for the State of Oregon, Case No. C13-0229CV, alleging various state law claims related to Air Products' failure to reinstate him after he filed a workers' compensation claim. Air Products timely removed that case to this court pursuant to 28 USC §§ 1441 and 1446, asserting diversity jurisdiction under 28 USC § 1332.

1 – FINDINGS AND RECOMMENDATION

Contending that 28 USC §1445(c) precludes removal to federal court of civil actions arising under state workers' compensation laws, Honachi has filed a Motion to Remand this case back to state court (docket #7). For the reasons set forth below, that motion should be denied.

## STANDARDS

Subject to strict time constraints, defendants in a state court action may remove that action to federal court when the case could have originally been brought in federal court. 28 USC §§ 1441, 1446(b). Removability is "to be determined according to the plaintiffs' pleading at the time of the petition or removal." *Pullman Co. v. Jenkins*, 305 US 534, 537-38 (1939).

Courts strictly construe the removal statute against removal jurisdiction, "and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir 2009), citing *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992) (*per curiam*). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id*, quoting *Gaus*, 980 F2d at 566; *see also Durham v. Lockheed Martin Corp.*, 445 F3d 1247, 1252 (9th Cir 2006).

## BACKGROUND

On or about September 29, 2011, Honachi injured his back as a result of his work for Air Products. Complaint (docket #1), ¶ 3. At the time, Honachi was living in Idaho but working in Oregon. *Id*, ¶ 1. Honachi filed an Oregon workers' compensation claim, which was accepted and processed by Air Products' insurer and its workers' compensation processing agent. *Id*, ¶ 4.

On February 27, 2012, Honachi's attending physician, chosen by Air Products' insurer, released him to return to regular work and found no permanent disability. *Id*, ¶ 5. Shortly thereafter, Honachi notified his supervisor that he had been released to work, but wished to get a

second opinion and would return to work immediately if necessary to preserve his employment. *Id*, ¶ 6. Honachi's supervisor responded that he did not need to return to work to preserve his job and "acknowledged" that he should seek a second medical opinion. *Id*, ¶ 7.[1]

Honachi requested that Air Products' workers' compensation processing agent provide him the medical records necessary to obtain a second medical opinion with a physician of his choosing. *Id*, ¶ 8. However, the processing agent failed to provide the records in a timely manner and instead scheduled him for an examination by a state-appointed physician. *Id*, ¶ 9. On June 28, 2012, the state-appointed physician examined Honachi, and on July 11, 2012, based on the physician's findings, the State of Oregon determined that Honachi's workers' compensation injury caused him no significant permanent disability and affirmed that he was released to work as of February 27, 2012. *Id*. Sometime thereafter, Honachi requested reinstatement, which Air Products declined. *Id*, ¶¶ 10-11.

On January 9, 2013, Honachi filed suit in state court alleging four claims: (1) a right to reinstatement pursuant to ORS 659A.043 (First Claim); (2) estoppel against Air Products from contesting the timeliness of his restatement request by failing to provide him notice of his reinstatement rights following his release to return to work as required by ORS 656.340(3) and OAR 436-120-0014 (Second Claim); (3) common law fraud based on a false representation of material facts pertaining to his workers' compensation claim and release to work (Third Claim); and (4) wrongful discharge (Fourth Claim). Honachi seeks economic and non-economic damages, reinstatement, and costs and fees.

///

///

---

[1] In its opposition memorandum, Air Products provides a slightly more detailed version of the facts than alleged in the Complaint. Those facts cannot be considered since removability is determined according to the allegations contained at the pleading at the time of removal. *Pullman*, 305 US at 537-38.

**FINDINGS**

Pursuant to 28 USC § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Honachi argues that Air Products improperly removed this case from state court because his claims arise under Oregon's workers' compensation laws. Air Products disagrees, contending that Honachi's reinstatement claim under ORS 659A.043 is a discrimination claim, not a workers' compensation claim, and that his estoppel, fraud, and wrongful discharge claims are common law claims that do not arise under Oregon's workers' compensation laws.

The Ninth Circuit has offered only limited guidance on how to determine whether an action arises under a state's workers' compensation laws for purposes of § 1445(c). *See U.S. Fidelity and Guar. Co. v. Lee Invs., LLC*, 641 F3d 1126, 1132 (9th Cir 2011) (concluding that an action did not "arise under" California's workers' compensation laws since the claims concerned whether the employer had obtained an insurance policy through misrepresentation and not workers' compensation benefits); *Campbell v. Aerospace Corp.*, 123 F3d 1308, 1315 (9th Cir 1997) (concluding that a claim for termination in violation of public policy did not "arise under" federal law); *Rains v. Criterion Sys., Inc.*, 80 F3d 339, 347 (9th Cir 1996) (finding no federal question jurisdiction where the plaintiff invokes Title VII as the public policy violated by a wrongful discharge claim). However, other circuits "agree that 'arising under' in § 1445(c) has the same meaning as 'arising under' in 28 USC § 1331, which governs federal question jurisdiction." *Beaver v. NPC Int'l Inc.*, 451 F Supp2d 1196, 1200 (D Or 2006) (citing cases). Under § 1331, a claim "arises under" federal law when it "involves a determination 'respecting the validity, construction, or effect of such a law,' and the result of the action depends on that determination." *Id*, quoting *Virgin v. Cnty. of San Luis Obispo*, 201 F3d 1141, 1143 (9th Cir

2000).  Similarly, under § 1445(c), "a claim will arise under Oregon's workers' compensation laws only if it is necessary to interpret those laws to resolve the claim."  *Id*.

Although Honachi cites cases decided by other district courts in support of his motion, they involve different state statutory schemes and are not binding on this court.  Despite the lack binding authority, this court has issued two decisions that offer guidance on whether a civil action arises under Oregon's workers' compensation laws for the purpose of § 1445(c).

In the most recent case, the plaintiff filed suit in Oregon state court, alleging claims for discrimination based on an injury suffered in the workplace and for retaliation for filing a workers' compensation claim.  *Beaver*, 451 F Supp2d at 1197.  The claims alleged violations of: (1) ORS 659A.040 which prohibits discrimination against a worker who files for workers' compensation benefits; (2) ORS 659A.043 which requires reinstatement of an injured worker; and (3) ORS 659A.046 which requires reemployment of an injured worker who is disabled and can no longer perform the duties of his previous position.  After the case was removed to federal court based on diversity jurisdiction, plaintiff sought to remand based on § 1445(c).  Judge King declined to remand because the claims did not arise under Oregon's workers' compensation laws for purposes of § 1445(c).  He concluded that the claims for workers' compensation retaliation and disability discrimination were all brought pursuant to ORS 659A and did not require the court to interpret Oregon's workers' compensation laws, as codified in ORS 656, in order to resolve them.  In support he pointed to the purpose of Oregon's workers' compensation laws:

> The objectives of the workers' compensation law[s] are to provide prompt and complete medical treatment for injured workers, fair income benefits to those workers, a just administrative system to deliver those benefits, and to restore the injured worker physically and economically to a self-sufficient status in an expeditious manner. ORS 656.012(2). The purpose of the laws in ORS chapter 656 is to provide a mechanism for compensation of workplace injuries. By contrast, the purpose of ORS chapter

5 – FINDINGS AND RECOMMENDATION

> 659A, under which all claims in this case are brought, is to prevent "discrimination of any kind" in employment. ORS 659A.003. In light of the distinct purposes of the two statutory chapters, claims seeking redress for workplace injuries arise under the workers' compensation laws in ORS chapter 656, while claims alleging discrimination for exercising rights outlined in ORS chapter 656 arise under ORS chapter 659A.

*Id* at 1201.

An earlier case also denied a plaintiff's motion to remand claims for wrongful discharge and unlawful employment practices brought pursuant to ORS 659.030(g) and 659.410[2] because they did not arise under Oregon's workers' compensation laws for purposes of § 1445(c). *Sorensen v. Holman Erection Co., Inc.*, Civil No. 91-1149-FR, 1991 WL 290670 (D Or Jan. 9, 1991). The heart of plaintiffs' complaint was that he was fired after filing a workers' compensation claim. Judge Frye concluded, albeit without much analysis, that the employment discrimination claim "arises under the unlawful employment practices provisions of Chapter 659, and [the wrongful discharge claim] is a cause of action based on an independent common law tort. As such, the removal of these claims is not barred by 28 USC § 1445(c)." *Id*, at *2.

Honachi's claims center upon whether he was entitled to reinstatement pursuant to ORS 659A.043 and not based on any provision found in Chapter 656. Honachi does not appear to dispute that his other claims for fraud and wrongful discharge are independent torts that do not arise under workers' compensation statutes. Rather, he contends that the central issue in the case is whether he timely requested reinstatement and that, in resolving this issue, the court must determine the "validity, construction, or effect" of Oregon's workers' compensation statutes and related administrative rules. *Beaver*, 451 F Supp2d at 1200. However, Honachi seems to overlook the critical fact that in *Beaver*, the plaintiff also brought a reinstatement claim under ORS 659A.043. Yet the court concluded that it need not construe Oregon's workers'

---

[2] These statutes were renumbered in 2001 to ORS 659A.030(g) and ORS 659A.109, respectively.

6 – FINDINGS AND RECOMMENDATION

compensation laws in order to resolve such a claim.  Notwithstanding this fact, Honachi contends that the court will have to examine ORS 656.340(3), OAR 436-120-0014 and OAR 839-006-0130 in order to resolve his claims.

Honachi cites ORS 656.340(3) in connection with his estoppel claim.  Because that statute sets forth the requirements for vocational assistance, it has limited applicability to the issues presented.

However, the two regulations cited by Honachi do indeed set forth the particular procedures required for reinstatement.  Resolution of these claims may well require the court to consider, based on reference to these statutes, whether after receiving notice that Honachi could return to work, Air Products properly informed Honachi of his reinstatement rights pursuant to OAR 436-120-0014, as well as whether Honachi properly requested reinstatement pursuant to the procedures set forth in OAR 839-006-0130(5), and whether any failure to demand reinstatement may be excused by extenuating circumstances as set forth in OAR 839-006-0130(6).  Although such an inquiry will require the court to consider the workers' compensation statues, ultimately Honachi seeks redress for Air Products' failure to reinstate him allegedly in violation of ORS 659A.043.  In other words, Honachi's claims, as alleged in the Complaint, seek redress for "discrimination for exercising rights outlined in ORS chapter 656 " which arise under ORS chapter 659A, as opposed to "redress for workplace injuries" which arise under ORS Chapter 656.  *Beaver*, 451 F Supp2d at 1201.

Because the court need not construe Oregon's workers' compensation statutes in order to determine whether reinstatement is appropriate, Honachi's claims do not arise under Oregon's workers' compensation laws.  As a result, § 1445(c) does not bar removal.

///

7 – FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons set forth above, Honachi's Motion to Remand (docket #7) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, April 15, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED March 27, 2013.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge

8 – FINDINGS AND RECOMMENDATION